(No. 4028

DELLA N. CORCORAN, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 12, 1947.*

ROSCOE BONJEAN, for Claimant.

GEORGE F. BARRETT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

ECKERT, C. J.

The claimant, Della N. Corcoran, is the widow of Edward J. Corcoran, deceased, a former employee of the Secrtary of State at the State House Power Plant. On April 22, 1947, the decedent arrived at his place of employment about 2:30 P.M., apparently in good health. His duties included the firing of four boilers, and during the afternoon he spent considerable time cleaning the fires. For that purpose, slash bars, about ten or twelve feet long, with a blade about fifteen inches long and two and one-half inches wide, were used to knock off the clinkers. These slash bars weigh thirty pounds or better.

About 5:45 in the afternoon, James Holland, employed at the power plant as a stationary engineer, called to decedent asking for additional steam for a new engine. After a few minutes of strenuous exertion to comply with this request, the decedent came to the engine room, up steep steps from the boiler room, and there Holland found him buckled up, with one hand on the throttle, and the other on the steam chest of an engine. In answer to Holland's inquiry, the decedent said he was very sick. Holland, after putting him in a chair, called his superior for a replacement, and the decedent was sent home in a taxicab. Dr. Robert E. Smith called by an employee of the power plant, arrived at decedent's home shortly afterward. After a brief examination, Dr. Smith called an ambulance for Corcoran's removal to a hospital, but Corcoran died en route.

Dr. Smith, testifying on behalf of claimant, stated that he had been the decedent's physician for five years preceding his death; that decedent had been treated in 1945 for common cold and had come in during the fall

of 1946 for a general checkup which showed no symptoms of any kind. Dr. Smith found nothing in that examination to indicate a heart ailment. On the contrary, Dr. Smith stated he found the decedent then in very good health. Dr. Smith testified that the immediate cause of the death was a coronary occlusion, and stated that in his opinion over-exertion by the decedent, while cleaning the fires on the afternoon of April 22nd, caused the occlusion that resulted in his death.

At the time of the accident, which resulted in the death of Edward J. Corcoran, the employer and employee were operating under the provisions of the Workmen's Compensation Act of this State, and notice of the accident and claim for compensation were made within the time provided by the act. The record is clear that claimant's death was caused by a coronary occlusion, and that he was not suffering from any pre-existing disease which contributed to his death. The record further shows that a coronary occlusion may result from over-exertion. On the day in question, the decedent had performed considerable strenuous work in the course of his employment, particularly in the latter part of the afternoon. The hurry to finish the cleaning of the fires, to provide additional steam for the new engine, easily and logically might result in the coronary occlusion which caused his death. He suffered the attack at a place where he was in the discharge of those duties. The death, therefore, may be said to have resulted from an accidental injury arising out of and in the course of his employment, at a definite time and place within the meaning of the Workmen's Compensation Act of Illinois. *Fittro* vs. *Industrial Commission,* 377 Ill. 532, 37 N.E. 2nd, 161.

At the time of his death the decedent left him surviving Della N. Corcoran, his widow, who seeks an award,

under the provisions of the Workmen's Compensation Act, in the amount of $5,340.00, and two minor children, one of whom will be sixteen years of age on January 8, 1948. During the year immediately preceding his death his earnings were $2,890.00. Under Section 10a of the Workmen's Compensation Act, compensation must be computed on the basis of this annual wage, making decedent's average weekly wage $55.06, and his compensation rate the maximum of $15.00 per week, plus 20% or $18.00.

Claimant is entitled to an award under Section 7a of the Workmen's Compensation Act in the amount of $4,450.00. The death having occurred as a result of an injury sustained after July 1st, 1945, this amount must be increased 20%, or $890, making a total award to claimant of $5,340.00.

The testimony at the hearing before Commissioner Jenkins was taken and transcribed by Hugo Antonacci, who has submitted a statement for his services in the amount of $54.45. This statement appears reasonable for the services rendered.

An award is therefore made to Hugo Antonacci, in the amount of $54.45, payable forthwith.

An award is made in favor of the claimant, Della N. Corcoran, in the amount of $5,340.00, to be paid to her as follows:

$ 522.00, which has accrued, is payable forthwith;

$4,818.00, is payable in weekly installments of $18.00 per week, beginning November 12, 1947, for a period of 267 weeks, with an additional final payment of $12.00.

All future payments being subject to the terms and conditions of the Workmen's Compensation Act of Illinois, jurisdiction of this cause is specifically reserved for the entry of such further orders as may from time to time be necessary.

This award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."